**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

OZELIA HICKS, JR.,

    Petitioner,

v.                             Civil Action No. 3:17CV852

COMMONWEALTH OF VIRGINIA, et al.,

    Respondents.

F I L E D

FEB - 5 2018

CLERK, U.S. DISTRICT COURT
RICHMOND VA

### MEMORANDUM OPINION

On December 27, 2017, Ozelia Hicks, Jr. filed a "MOTION FOR NEW TRIAL Rule 59 MOTION TO CORRECT THE RECORD." ("Motion for New Trial," ECF No. 1.) As explained below, the Motion for New Trial is a successive, unauthorized 28 U.S.C. § 2254 petition.

### I. Procedural History

#### A. Hicks's First § 2254 Petition

Hicks was convicted in the Circuit Court of Chesterfield County for obtaining money by false pretenses and was sentenced to seven years of incarceration. See Hicks v. Clarke, No. 3:15CV123, 2016 WL 901265, at *1 (E.D. Va. Mar. 3, 2016). By Memorandum Opinion and Order entered on March 3, 2016, this Court denied Hicks's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See id. at *9.

## B. Hicks's Second § 2254 Petition

On December 1, 2016, the Court received from Hicks a submission entitled, "MOTION FOR NEW TRIAL PURSUANT TO CODE § 8.01-428 Rule 60(b)." See Hicks v. Virginia, No. 3:16CV946, 2017 WL 1963900, at *1 (E.D. Va. May 11, 2017). By Memorandum Opinion and Order entered on May 11, 2017, the Court dismissed the motion as a successive, unauthorized 28 U.S.C. § 2254 petition. Id.

## C. Hicks's Motion for New Trial

On December 22, 2017, the Court received Hicks's Motion for New Trial. In the body of his Motion for New Trial, he indicates that he moves "to set aside the judgment aside pursuant to Rule 5A:36 (additional after-discovered evidence) material fact that merit retrial bases on 'Fraud' Rule 60(b)." (Mot. New Trial 1 (capitalization corrected).) While it is not clear by which procedural vehicle Hicks intends to bring his motion, it is abundantly clear that Hicks continues to attack the sufficiency of the evidence and other errors in the criminal proceeding leading to his state conviction. (See id. at 2-7.) As explained below, Hicks's Motion for New Trial must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2254 motion from Hicks absent authorization from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244(b)(3)(A). Hicks cannot avoid that result by styling his present motion as a "MOTION FOR NEW TRIAL Rule 59 MOTION TO CORRECT THE RECORD." See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare

3

impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton, 359 F.3d at 857 (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Hicks's current Motion for New Trial challenging his state conviction falls squarely within the ambit of 28 U.S.C. § 2254(a). See Smith v. Virginia, Nos. 3:12CV148, 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005))).[1] Hicks has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition challenging his state convictions and this Court lacks jurisdiction to entertain the present § 2254 petition. Accordingly, the action will be dismissed without prejudice for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will

---

[1] To the extent that Hicks somehow intends to bring his Motion under Federal Rule of Civil Procedure Rule 60(b), as previously explained to Hicks, "Hicks's Rule 60(b) Motion raises challenges to his Chesterfield conviction, rather than any defects in his federal habeas proceedings." Hicks, 2017 WL 1963900, at *1.

4

not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983)). Because Hicks fails to satisfy this standard, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hicks.

It is so ORDERED.

                 /s/ <em>REP</em>

Robert E. Payne

Date: February 2, 2018    Senior United States District Judge
Richmond, Virginia